UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. CIV 11-406 JB/KBM |
| SUPPORTING HANDS, LLC and MARK DuBOIS, | ) ) ) ) | |
| Defendants. | ) | |

# Plaintiff's Motion for Summary Judgment

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), moves this Court for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that there is are no genuine issues as to any material facts, and Plaintiff is, therefore, entitled to judgment against Defendants Supporting Hands, LLC ("Supporting Hands") and Mark DuBois ("DuBois") as a matter of law.  In support of this motion, Plaintiff submits the attached memorandum of law, declaration, and deposition transcript.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Summary Judgment.

                                                        Respectfully Submitted,

                                                        M. PATRICIA SMITH
                                                        Solicitor of Labor

                                                        JAMES E. CULP
                                                        Regional Solicitor

U. S. Department of Labor                 MARGARET TERRY CRANFORD
Office of the Solicitor                      Counsel for Wage and Hour
525 Griffin Street, Suite 501
Dallas, Texas  75202                        By:
Telephone (972) 850-3100
Facsimile (972) 850-3101

                                                        /s/ Richard M. Moyed
                                                        RICHARD M. MOYED
                                                        Attorney

RSOL Case No. 11-00716                Attorneys for Plaintiff


### Certificate of Conference

       I hereby certify that on November 30, 2012, I telephoned Mark DuBois to confer about this motion, but received a voice mail.  I left a message for Mr. DuBois, informing him of why I was calling.  Mr. DuBois left me a voice mail on December 3, 2012, but did not indicate his position on this motion.  I left Mr. DuBois another voice mail on December 3, 2012, but Mr.  DuBois never returned that call.  Mr. DuBois is proceeding *pro se* in this matter.  Defendant Supporting Hands, LLC is not represented by an attorney.

                                                        /s/ Richard M. Moyed
                                                        RICHARD M. MOYED
                                                        Attorney

## Certificate of Service

This certifies that on December 13, 2012, a true and correct copy of the foregoing *Plaintiff's Motion for Summary Judgment* was served upon all parties and party representatives in the above entitled and numbered cause, by U.S. mail, addressed to:

Mark DuBois
4909 Ellison St., Suite B
Albuquerque, New Mexico 87109

/s/ Richard M. Moyed
RICHARD M. MOYED
Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| HILDA L. SOLIS, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. CIV 11-406 JB/KBM |
| | ) | |
| SUPPORTING HANDS, LLC and | ) | |
| MARK DuBOIS, | ) | |
| | ) | |
| Defendants. | ) | |

# Memorandum in Support of
# Plaintiff's Motion for Summary Judgment

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), is entitled to Summary Judgment because the undisputed material facts demonstrate that:

- Defendants Supporting Hands, LLC ("Supporting Hands") and Mark DuBois ("DuBois") are subject to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA" or "Act") and are employers under the Act.

- Defendants violated the minimum wage, overtime, and record keeping provisions of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5).

- Defendants owe their current and former employees backwages amounting to $17,632.53.

- Defendants had no good faith defense for violating the Act and are thus liable for liquidated damages in an amount equal to the amount of the backwages, for a total judgment of $35,265.06.

- Defendants need to be enjoined from future violations of the FLSA.

### I.     Statement of Undisputed Facts

1. The United States Department of Labor, Wage and Hour Division ("Department") conducted an investigation of Defendants beginning on or about September 5, 2008 through September 3, 2010 (the "investigative period"). *See* Declaration of James Massengale, Wage and Hour Investigator, United States Department of Labor, attached hereto as Exhibit 1, at ¶2.

2. Attached as Exhibit A to Exhibit 1 is the Wage and Hour Form 56 ("WH-56") – Summary of Unpaid Wages. This WH-56 was prepared by Wage and Hour Investigator Massengale and summarizes the backwages owed to Defendants' current and former employees for the period from May 16, 2009 (a few days less than two years prior to the time this lawsuit was filed) through September 3, 2010.[1] The employees listed on the WH-56 were employees of Defendants, were shown in Defendants' records to be employees of Defendants, and are listed on Exhibit A to the Complaint (Document 1). *See* Exhibit 1, at ¶7.

3. Defendant DuBois is the only principle of Defendant Supporting Hands. *See* Clerk's Minutes of Hearing held before District Judge James O. Browning on April 17, 2012 (Document 13). *See also* Exhibit 2, Deposition of Mark DuBois, at 48. The main office of Defendant Supporting Hands is located at 4909 Ellison Street, Suite B, Albuquerque, New Mexico 87109. *See* Exhibit 1, at ¶2.

---

[1] For privacy reasons, the addresses of Defendants' employees were redacted from this WH-56.

4. During the relevant period, from May 2009 to September 2010, Supporting Hands operated institutions primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institutions. *See* Exhibit 2 at 14-15, 44. Also during this period, Supporting Hands has been providing services with employees engaged in commerce or handling materials that have moved in interstate commerce and has had an annual gross volume of sales made or business done of not less than $500,000. *See* Exhibit 2 at 44-46. Both Defendants Supporting Hands and DuBois are covered by the FLSA and are employers under the FLSA. Exhibit 2 at 19, 47.

5. Except for a few altercations of employees' time punches (time cards), which are discussed below, the time and payroll records that Defendants provided to Wage and Hour Investigator Massengale accurately recorded the hours per week and the wages paid to Defendants' employees listed on the WH-56. Exhibit 2 at 19-25. Defendants' time and payroll records indicate that Defendants did not pay their employees who were not exempt from the overtime provisions of the FLSA one and one-half times their regular rate of pay for hours worked over forty in a week. Rather, such employees were only paid their regular straight time rate of pay for hours worked over 40 in a work week. Exhibit 1 at ¶¶3 and 4; Exhibit 2 at 40-43.

6. In a few instances, Defendants changed an employee's time punch to alter the time that the employee worked. Wage and Hour Investigator Massengale could ascertain when this happened by examining the time punches and time records. Exhibit 1 at ¶5; Exhibit 2 at 26-28. When these time punches were changed, Wage and Hour Investigator Massengale determined that the employee was deprived of 7.5 minutes of

3

time.  These 7.5 minutes of time were an average derived from interviews with employees that Investigator Massengale conducted.  These altered time punches were the reason that the employer did not maintain accurate time and payroll records.  Exhibit 1 at ¶5.

   7.  On at least one occasion during the relevant period, Defendants made deductions from the pay of an employee (Iesha Martinez) who owed Defendants money and the deductions brought the employee's wages below the minimum wage in multiple weeks. Exhibit 1 at ¶6.  Defendant DuBois testified that occasionally Defendants would lend employees money and deduct the loan from the employee's next two or three paychecks, regardless of whether the deductions brought the employee's wages below the minimum wage.  Exhibit 2 at 28-29.

   8.  Investigator Massengale determined that during the relevant period, Defendants owed their employees $17,632.53 in backwages.  The amounts owed to each employee are set forth in the WH-56 (Exhibit A to Exhibit 1).  All but a few hundred dollars of the backwages are for unpaid overtime.  Except for the few instances where Defendants altered time punches, all backwages were calculated and derived directly from Defendants' time and payroll records.  Exhibit 1 at ¶7.

   9.  On October 7, 2010, Wage and Hour Investigator Massengale held a conference with Defendant DuBois.  At this conference, Massengale informed DuBois that Defendants violated the FLSA by failing to pay their employees one and one-half times their regular rate of pay for hours worked in excess of forty per week, by altering employees' time punches, by deducting money due from one employee's wages that brought her wages under the minimum wage, and by failing to keep accurate records.

Massengale presented DuBois with a WH-56 form[2] summarizing the backwages that Defendants owed to their employees. DuBois agreed to comply with the FLSA in the future, but refused to pay any backwages to Defendants' employees. *See* Exhibit 1 at ¶8.

10. As reflected in the time and payroll records, Defendants engaged in a pattern and practice of not paying their employees for all hours worked and not paying employees the overtime rate for hours worked in excess of forty during a work week. *See* Exhibit 1 at ¶9.

11. Defendant DuBois specifically admitted that since he was teenager, he was aware that the law required employees working more than forty hours in a week to be paid one and one-half times their regular rate of pay for hours worked in excess of forty per week. Exhibit 2 at 11-12, 20, 34.

12. Defendants cannot demonstrate an honest intention to ascertain and follow the dictates under the FLSA.

## II.   Argument

**A.  Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(c), the Court should grant summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The court must be satisfied that no reasonable trier of fact could find for the nonmoving party, or in other

---

[2] The WH-56 form presented to DuBois during this meeting was different than the WH-56 attached to Massengale's declaration (Exhibit A to Exhibit 1). The WH-56 that Massengale provided to DuBois during this meeting summarized the backwages owed for the period from September 5, 2008 through September 3, 2010, whereas the WH-56 attached to Massengale's declaration summarized backwages owed from May 16, 2009 through September 3, 2010, to limit backwages owed within the two-year statute of limitations.

words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).  A plain reading of Rule 56(c) dictates that the "mere existence of some alleged factual disputes between the parties shall not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Where the nonmoving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing that there is an absence of evidence to support the nonmoving party's case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  For purposes of ruling on a motion for summary judgment, the court must construe the complaint in the light most favorable to the nonmoving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

Plaintiff is entitled to summary judgment because there exists no genuine issues of material fact pertinent to Plaintiff's cause of action under the FLSA.  Under Section 7 of the FLSA, employers are required to pay covered employees one and one half times their regular rate of pay for each hour worked in excess of forty during any given workweek.  29 U.S.C. § 207(a)(1).  As the statement of undisputed facts demonstrates, there is no dispute that until September 2010, Defendants compensated their employees by paying them the same hourly rate for all hours worked. The undisputed material facts also show that Defendants altered the time cards of employees, thereby depriving them of pay for all hours worked and violating the record keeping requirements of Section 11 of the FLSA, 29 U.S.C. § 211, and deducted wages for money due from one employee that

brought that employee's wages below the minimum wage in violation of Section 6 of the FLSA, 29 U.S.C. § 206. Defendants DuBois' control of Supporting Hands makes him jointly liable for the FLSA violations. Finally, Defendants' failure to show an honest intention to ascertain and follow the dictates under the FLSA warrants the imposition of liquidated damages under 29 U.S.C. § 216(c).

**B. Supporting Hands and DuBois are both employers under the FLSA.**

Liability under the FLSA is imposed only upon an "employer." 29 U.S.C. §§206-207. The FLSA contains a broad definition of who is considered an employer. The Act defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The courts have recognized the "expansiveness" of the Act's definition of employer. *See Falk v. Brennan*, 414 U.S. 190, 195 (1973). Moreover, the FLSA's definition must be liberally construed to effectuate Congress' remedial intent. *See Donovan v. Sabine Irrigation Co.*, 695 F.2d 190,194 (5th Cir. 1983), *cert. denied*, 463 U.S. 1207 (1983) and *Rutherford Food Corp. v. McComb*, 331 U.S. 772, 729 (1947).

Here, to determine that Defendant DuBois is an employer under the Act, one does not need to look any further than his own admission that he and Supporting Hands are employers under the FLSA. Exhibit 2 at 19, 47. Moreover, DuBois is the sole principle of Supporting Hands. Exhibit 2 at 48. As such, he has managerial responsibilities and substantial control over the employees of Supporting Hands. It is well settled that "managerial responsibilities" and "substantial control of the terms and conditions of the work" create statutory employer status. *Falk v. Brennan*, 414 U.S. 190, 195 (1973). Courts have consistently held that a corporate officer with operational control of a

7

corporation's covered enterprise is an employer under the Act and is jointly and severally liable for unpaid wages, along with the corporation. *See Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir.), *cert. denied*, 513 U.S. 875 (1994); *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984); *Shultz v. Mack Farland & Sons Roofing Co.*, 413 F.2d 1296,1300 (5th Cir. 1969); *Donovan v. Janitorial Services, Inc.*, 672 F.2d 530, 531 (5th Cir. 1982); *Reich v. Circle C Inv. Inc.*, 998 F.2d 324, 329 (5th Cir. 1993).

**C. Defendants violated the FLSA by failing to pay overtime to their employees.**

Under Section 7 of the FLSA, employers are required to pay covered employees one and one-half times their "regular" rate of pay for each hour worked in excess of forty during any given workweek. 29 U.S.C. § 207(a)(1).

In this case, Defendants' time and payroll records accurately recorded the hours that Defendants' employees worked and the wages that they received. Those records clearly indicate that Defendants failed to pay their employees one and one-half times their regular rate for hours worked in excess of forty per week. Rather, Defendant only paid their employees their regular rate of pay for hours worked in excess of forty per week. Thus, during the relevant period, Defendants owe backwages of one-half their employees' regular rate of pay for all time worked by Defendants' employees in excess of forty hours per week.

**D. Defendants violated the FLSA by altering employees' time punches.**

Under the FLSA, an employer must pay its employees for all time that it allows its employees "to suffer or permit to work." 29 U.S.C. § 203(g); 29 C.F.R. § 785.6. Employees must be paid for all time "controlled or required by the employer and pursued

necessarily and primarily for the benefit of the employer and his business." *Tennessee Coal, Iron & Railroad Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944). *See also*, 29 C.F.R. § 785.7.

Here, Defendants admitted that on a few occasions, they altered the time punches (time cards) of a few employees, thereby denying those employees pay for all time they were suffered or permitted to work. Wage and Hour Investigator Massengale was able to determine when employees' time punches were altered and from employee interviews, determined that on average, an employee was deprived of 7.5 minutes of time each time a time punch was altered. These facts are uncontroverted, and Defendants owe their employees these backwages.

**E. Defendants violated the FLSA by making deductions from the wages of one employee that brought that employee's wages below the minimum wage.**

The undisputed facts show that deductions were made from the wages of employee Iesha Martinez that brought her wages below the minimum wage during multiple weeks. Even Defendant DuBois admitted that occasionally, Defendants would loan an employee money and deduct the amount of the loan over the next two or three paychecks, even if those deductions brought the employee's wages below the minimum wage. Deductions from an employee's wages, for whatever purpose, that result in that employee being paid below the minimum wage violates Section 6 of the FLSA. 29 U.S.C. § 206. *Donovan v. Simmons Petroleum Corp.*, 725 F.2d 83, 84 (10th Cir. 1983). Defendants owe Martinez backwages to bring her wages up to the minimum wage for those weeks in which deductions from her wages resulted in her being paid less than the minimum wage.

**F. Defendants' alteration of employee time punches violated Section 11(c) of the FLSA.**

The FLSA requires that an employer subject to its provision "make, keep, and preserve" records of wages, hours, and "other conditions and practices of employment maintained by him." 29 U.S.C. § 211(c). *McLaughlin v. McGee Bros. Co.*, 681 F.Supp. 1117, 1134 (W.D.N.C. 1988), *aff'd sub nom. Brock v. Wendell's Woodwork, Inc.*, 867 F.2d 196 (4th Cir. 1989); *Donovan v. Kentwood Development Co., Inc.*, 549 F.Supp. 48, 490 (D.Md. 1982). The burden is on the employer to keep accurate wage and time records. *Dole v. Solid Waste Services, Inc.*, 733 F.Supp. 895, 924 (E.D. Pa. 1989), aff'd, 897 F.2d 321 (3d Cir.), *cert. denied*, 497 U.S. 1024 (1990). Under the Secretary's regulations, the information that must be maintained includes hours worked per day and week, total daily or weekly straight-time earned and total overtime. 29 C.F.R. §§ 516.2(a)(7)-(9). *See Kentwood Development*, 549 F.Supp. at 490. The regulations also require that the employer maintain records containing each employee's home address, including zip code. 29 C.F.R. § 516.2(a)(2).

Defendants altered time punches to reduce the time worked by employees. Defendants' alteration of the time punches constitutes a failure to maintain records in violation of 29 U.S.C. § 211(c). *See, e.g., Donovan v. White Beauty View, Inc.,* 556 F.Supp. 414, 416 (M.D. Pa. 1982) (manipulation of time records to reduce actual hours worked violated FLSA). Consequently, summary judgment should be entered in favor of Plaintiff with respect to Defendants' liability for violation of 29 U.S.C. §211(c).

### G. Plaintiff is entitled to liquidated damages because Defendants' violations of the FLSA do not qualify for a good faith defense.

Where an employer has violated the minimum wage and overtime provisions of the FLSA, Section 216(c) states that the employer is liable for an equivalent amount of **mandatory** liquidated damages. 29 U.S.C. § 216(c). An employer may avoid liquidated damages only by showing it acted in good faith and with reasonable grounds for believing it was in compliance with the FLSA. *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992); *Marshall v. Brunner*, 668 F.2d 748 (3d Cir. 1982). The employer has the burden of establishing good faith in its violations of the FLSA. *Local 246 Utility Workers Union of America v. Southern California Edison Co.*, 83 F.3d 292, 297-98 (9th Cir. 1996). *See also Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999) (good faith does not mean absence of reckless disregard). Because no good faith reasons exist for Defendants' noncompliance with the provisions of the FLSA, liquidated damages are appropriate.

Defendant DuBois, the sole owner and principle of Defendant Supporting Hands, testified that he has known since he was a teenager that the law requires employees working more than forty hours per week be paid one and one-half times their regular rate of pay for all time worked in excess of forty hours per week. Despite this knowledge, Defendants only paid their employees their regular rate of pay for hours worked in excess of forty per week. Defendants in this case did much more than merely failing to ascertain whether their pay practices were in conformity with the Act. In this case, Defendants instituted and followed pay practices that directly contradicted what they knew the law required. Accordingly, Defendants cannot establish a good faith defense to liability or liquidated damages.

**G.  Defendants must be enjoined from future violations.**

The FLSA authorizes prospective injunctive relief after violations of the Act have been established.  29 U.S.C. § 217.  *See Shultz v. Hinojosa*, 432 F.2d 259, 260 (5th Cir. 1970).  The question of whether an injunction should be granted is left to the sound discretion of the Court.  "Where there has been a clear violation of the statutes and regulations, … there should be assurances that the offending party will in the future voluntarily comply with the Act."  *Wirtz v. Flame Coal Co.*, 321 F.2d 558, 560 (6th Cir. 1963).  Even when an employer has discontinued violations, an injunction will be granted unless the existence of good faith and cooperativeness are manifested.  *McComb v. Wyandotte Furniture Co.*, 169 F.2d 766, 770 (8th Cir. 1948).

The same manager and owner of Defendant Supporting Hands who was in control while the minimum wage, overtime and recordkeeping violations occurred and were discovered remain in control of Supporting Hands.  Thus, Plaintiff is entitled to an injunction permanently enjoining Defendants from further violations of the Act.

### III.   Conclusion

For these reasons, the Court should grant Plaintiff's Motion for Summary Judgment and enter a judgment against Defendants for violations of 29 U.S.C. §§ 206, 207 and 211(c), permanently enjoining them from violation of the Act, awarding backwages of $17,632.53 and an equal amount in liquidated damages for a total of $35,265.06 against Defendants under 29 U.S.C. §216.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | M. PATRICIA SMITH<br>Solicitor of Labor |
|  | JAMES E. CULP<br>Regional Solicitor |
| U. S. Department of Labor<br>Office of the Solicitor<br>525 Griffin Street, Suite 501<br>Dallas, Texas 75202<br>Telephone (972) 850-3100<br>Facsimile (972) 850-3101 | MARGARET TERRY CRANFORD<br>Counsel for Wage and Hour<br><br>By: |
|  | /s/ Richard M. Moyed<br>RICHARD M. MOYED<br>Attorney |
| RSOL Case No. 11-00716 | Attorneys for Plaintiff |

## Certificate of Service

This certifies that on December 13, 2012, a true and correct copy of the foregoing *Memorandum in Support of Plaintiff's Motion for Summary Judgment* was served upon all parties and party representatives in the above entitled and numbered cause, by U.S. mail, addressed to:

Mark DuBois
4909 Ellison St., Suite B
Albuquerque, New Mexico 87109

/s/ Richard M. Moyed
RICHARD M. MOYED
Attorney

13